# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RALPH PRUITT,                                                                                           PETITIONER
ADC # 151665

v.                                            5:14CV00447-JM-JJV

WENDY KELLEY, Director, Arkansas
Department of Correction[1]                                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

   1.    Why the record made before the Magistrate Judge is inadequate.

---

[1]The Petition named Larry Norris as Respondent. Larry Norris served as Interim Director from November 1, 2014, to January 13, 2015, when Wendy Kelley was appointed Director. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kelley is automatically substituted as Respondent in place of Mr. Norris.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    BACKGROUND**

On January 25, 2012[2], a jury in Franklin County, Arkansas found Petitioner Ralph Pruitt guilty of two counts of rape of a minor and one count of sexual indecency with a minor. (Doc. No. 2 at 37-40.) He was sentenced to 480 months on each count of rape, and 72 months on the sexual indecency charge, all to run concurrently. (*Id.*) Mr. Pruitt was convicted of raping his two granddaughters between 2000 and 2008, and committing sexual indecencies with a third granddaughter between 2005 and 2009. *Pruitt v. State*, 2013 Ark. 128, 2 (2013). He appealed his conviction based solely on the trial court's denial of his pretrial motion to sever the offenses and try them separately. The Arkansas Supreme Court affirmed because severance was waived after Mr. Pruitt failed to raise the motion again at the close of evidence. *Id*.

On June 19, 2013, Mr. Pruitt filed a petition for post-conviction relief under Rule 37.1.

---

[2]Both Respondent and the Arkansas Supreme Court incorrectly state the date of conviction as 2011. However, Petitioner filed his sentencing order as an exhibit, and it was filed January 25, 2012. (Doc. No. 2 at 37.)

(Doc. No. 9-1.) The Franklin County Circuit Court dismissed the petition because it was untimely. (Doc. No 9-2.) Mr. Pruitt also missed the deadline to appeal the denial of his Rule 37. He then filed a pro se motion to file a belated appeal. (Doc. No. 9-3.) The Arkansas Supreme Court denied the motion on May 29, 2014, because it lacked jurisdiction. (*Id.*)

On July 30, 2014, Mr. Pruitt filed a state habeas corpus petition. (Doc. No. 9-4.) It was denied as without merit (Doc. No. 9-5), and the Arkansas Supreme Court dismissed the appeal. (Doc. No. 9-6.)

Mr. Pruitt filed the instant Petition for Writ of Habeas Corpus on December 16, 2014, listing four grounds for relief: (1) actual innocence; (2) ineffective assistance of trial counsel; (3) abuse of trial court's discretion; and (4) ineffective assistance based on "the total lack thereof as to counsel, needed at the initial review stage." (Doc. No. 2.) The Response, filed on March 4, 2015, argued that the claims are either procedurally defaulted or meritless. (Doc. No. 9.) Mr. Pruitt then filed a Motion for Evidentiary Hearing (Doc. No. 10) which Respondent opposes (Doc. No. 12), and a Reply. (Doc. No. 11.) After careful consideration of all the pleadings and the applicable law, the Court finds the Petition should be dismissed.

## II.     ANALYSIS

### A.     Ineffective Assistance of Counsel

Respondent argues that Mr. Pruitt's two claims of ineffective assistance of counsel are procedurally defaulted, and this Court agrees. Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); See 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). As a matter of comity and federalism, the state courts should have a proper opportunity to address a

petitioner's claims of constitutional error before those claims are presented to the federal court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). Failure to do so will result in a procedural default. *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir. 1992) (citing *Coleman,* 501 U.S. 722 at 749-50).

A federal court ordinarily cannot review the merits of a claim which a petitioner has never presented to any state court. *Williams v. Arkansas,* 941 F. 2d 672, 673 (8th Cir. 1991). Mr. Pruitt was required to first present his ineffective assistance of counsel claims to the Arkansas courts "as required by state procedure," in a petition for post-conviction relief under Rule 37. *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *see also*, e.g., *Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449, 450 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for post-conviction relief under [Arkansas Rules of Criminal Procedure, Rule 37].")

Mr. Pruitt filed his Rule 37 petition with the Circuit Court of Franklin County sixty-four days after the Arkansas Court of Appeals mandate affirming his conviction was filed. (Doc. No. 9-3.) The court denied the petition because it was untimely (Doc. No. 9-2) and Mr. Pruitt's attempt to file a belated appeal was denied by the Arkansas Supreme Court for lack of jurisdiction. Because the Rule 37 appeal was untimely, the State of Arkansas was not afforded the opportunity to correct any constitutional errors. This Court cannot now review the merits of Mr. Pruitt's ineffective assistance claims without Arkansas being given the chance to review them. Therefore, Mr. Pruitt's claims that

4

his trial counsel was ineffective are procedurally defaulted and must be dismissed.

### B. Abuse of Trial Court Discretion

Mr. Pruitt's third ground for habeas relief is based on his claim that the trial court abused its discretion by denying his pretrial motion for severance. (Doc. No. 2.) However, a federal court may only consider a habeas petition filed by a state prisoner "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Rule 1(a)(1) of the Rules Governing Section 2254 Cases in the United States District Courts. Claims based on errors of state law are not cognizable in federal habeas petition. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Furthermore, federal habeas courts do not sit to review state law claims. *See Meyer v. Sargent*, 854 F.2d 1110, 1116 (8th Cir. 1988).

The trial court denied Mr. Pruitt's pretrial motion to sever the criminal offenses, and Mr. Pruitt failed to raise the issue again at the close of evidence. Arkansas Rules of Criminal Procedure states, "If a defendant's pretrial motion for severance was overruled, he may renew the motion on the same grounds before or at the close of all evidence. Severance is *waived by failure to renew the motion*." Ark. R. Crim. P. 22.1(b) (emphasis added). When ruling on Mr. Pruitt's appeal the Arkansas Supreme Court stated that Mr. Pruitt had waived severance at trial, and the issue could not be appealed. *Pruitt v. State*, 2013 Ark. 128, 3 (2013). Mr. Pruitt's claim of abuse of discretion is based on the laws of the State of Arkansas and not on a violation of the Constitution of the United States. Therefore, this claim is not cognizable in a federal habeas petition and should be dismissed.

### C. Actual Innocence

Although Mr. Pruitt claims actual innocence as his first ground of habeas relief, Respondent correctly asserts that actual innocence is not a ground for habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). This Court will construe Mr. Pruitt's claim as an excuse for his procedural

default. The United States Supreme Court made it clear in *McQuiggin v. Perkins*, that a claim of actual innocence acts "as a gateway to adjudication of a federal habeas petition on the merits." 569 U.S. ___, 133 S. Ct. 1924, 1936 (2013). However, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). Furthermore, Mr. Pruitt must establish that (1) *new* and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (emphasis added). Evidence is "new" if it was not available at the time of trial through the exercise of due diligence. *Nooner v. Hobbs,* F.3d 921, 934 (8th Cir. 2012).

In Mr. Pruitt's claim of actual innocence, he contends that (1) an Arkansas State Police investigator stated, under oath, there was no evidence of the crimes; (2) the victim's mother denies the "facts of the charging information"; (3) and "Petitioner maintain[s] his innocence." (Doc. No. 2 at 4.) Mr. Pruitt does not provide factual innocence nor does he provide new evidence. His claim is simply insufficient, and does not excuse the procedural default of his ineffective assistance claim.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the

substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). Mr. Pruitt's claims are either procedurally defaulted or not cognizable in a federal habeas proceeding. Therefore, no certificate of appealability should be issued.

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice, and the requested relief be DENIED.

2.    A certificate of appealability not be issued.

3.    All pending motions be denied.

DATED this day 10th of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE